UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIT BANK, N.A.,

        Plaintiff,

    v.

VENUS LILLYBRIDGE,

        Defendant.

No. 2:16-cv-01285-KJM-CKD

ORDER

        On June 10, 2016, defendant, proceeding pro se, removed this unlawful detainer action from Solano County Superior Court. ECF No. 1. As explained below, the court REMANDS the case to the Solano County Superior Court.

        When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If at any time before

1

1  final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
2  remanded." 28 U.S.C. § 1447(c).
3        Here, the court finds the case should be remanded to Solano County Superior
4  Court.  The form complaint filed in the state court is for unlawful detainer only.  ECF No. 1.
5  Defendant grounds the removal on the court's federal question jurisdiction, arguing that "[f]ederal
6  question exists because [d]efendant's answer, a pleading depend [sic] on the determination of
7  [d]efendant's rights and [p]laintifff's duties under federal law." *Id.* at 2.  However, plaintiff is the
8  master of the complaint and may "avoid federal jurisdiction by pleading solely state-law claims."
9  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).  Hence, defendant's assertion is
10 best characterized as a defense or a potential counterclaim; neither of which can be considered in
11 evaluating whether federal question jurisdiction exists.  *Vaden v. Discover Bank*, 556 U.S. 49, 50
12 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim");
13 *Valles*, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction
14 on a federal court, even if the defense is that of federal preemption and is anticipated in the
15 plaintiff's complaint."); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*,145 F.3d 320, 326–27
16 (5th Cir. 1998); *Takeda v. Nw. Nat'l Life Ins Co.*, 765 F.2d 815, 822 (9th Cir. 1985).
17       Accordingly, because plaintiff's unlawful detainer complaint does not provide a
18 basis for federal question jurisdiction, and defendant's answer cannot provide the basis for
19 removal jurisdiction here, this court cannot exercise subject matter jurisdiction over plaintiff's
20 single state-law claim for unlawful detainer.  This case is REMANDED to Solano County
21 Superior Court.
22       IT IS SO ORDERED.
23 DATED: June 13, 2016

                                    UNITED STATES DISTRICT JUDGE

2